### MARY MATTHEWS v. TOLEDO.

1. DUTY OF CITY TO INSPECT SIDEWALKS FOR ALL DEFECTS.

It is the duty of a municipal corporation to make an examination of sidewalks from time to time, and to look after latent as well as patent d ꞏⅽ ᴛ ; and where it appears that a walk had been out of repair, having b .      which were loose at one or both ends, and would fly up when stepped upon,   ꞏr over two years, the city must be held to have been negligent; and an ᴛⅰ ꞏ uction which, in substance, directed the jury that if, when plaintiff att· r·,,ᴛed to pass over such walk, it appeared to be in good condition, or that ᴛ·ⅰ·ꞏ defect was latent, the plaintiff could not recover, constitutes prejudicial ᵥ rr·ꞏr.

2. PROXIMATE CAUSE—IMPROPER INSTUCTIONS TO JURY.

Unless the negligence of a person injured contributed directly to ᴏɪ was a proximate cause of the injury, it does not preclude a recovery. Under this rule it is improper for the court, in an action for injuries resulᴛⁱⁿꞏ from a defective sidewalk, to instruct the jury that "if plaintiff contributed in any degree" to the injury, he cannot recover.

HEARD ON ERROR.

*E. G. Love*, and *A. W. Fraser*, for plaintiff in error.

*M. R. Brailey*, city solicitor, for defendant in error.

HAYNES, J.

A petition in error is filed in this case for the purpose of reversing the judgment of the court of common pleas in an action brought by Mary Matthews against the city of Toledo, seeking to recover for personal injuries which she received in falling upon a sidewalk in the city of Toledo, which she alleges was in a defective condition. It appeared upon the trial of the case, that the particular street upon which she fell was called McKinley avenue and lies in the eastern part of the city, that she was coming to the city from the country and came on to this sidewalk and that in walking with some person that person stepped upon the end of a plank, which flew up and she was tripped and fell. It is alleged that the sidewalk was in a defective condition, especially in that the stringers were rotted so that they would not hold nails and would not keep the planks down. It further appears by the record that that sidewalk had been in this condition nearly two years and that the inhabitants, from time to time, had been in the habit of putting down a plank and occasionally one would nail a cleat upon a plank and try to hold it down, and in various ways they had made efforts to keep the sidewalk in a passable condition; and, so far as appears from the record, the city had never done anything to it.

Upon the close of the evidence the court charged the jury, and its general charge is fair and sets forth the law; but, coming towards the conclusion of the charge, the court says this, in regard to the alleged negligence of the plaintiff, that:

"If her own negligence contributed in any degree to the bringing of this misfortune upon herself, she is not entitled to complain of the

city of Toledo, although the sidewalk may have been defective and the officers of the city having those matters in charge may have been guilty of negligence in failing to repair or remedy that defect."

It will be observed that the phrase is: " If she contributed in any degree." Prior to that he has charged that she should use care and judgment in walking upon it.

In Schweinfurth v. Railway Co., 60 Ohio St., 215, the Supreme Court had that question before them and have made a rule which is the law of Ohio today so far as we are aware. I read from the second of the syllabi :

" In an action for negligence, it is not error to refuse an instruction, that the defendant cannot be held liable, though guilty of the negligence charged, if the negligence of the person injured contributed in any degree, or in any way, to the injury of which he complains. Unless the negligence of the person injured contributed directly to, or was a proximate cause of the injury, it does not preclude a recovery."

That matter is discussed in the body of the opinion, and authorities are cited which show that in this part of the charge, although it was not claimed in argument, there is error occurring in regard to the degree of negligence that plaintiff should have been chargeable with in order to prevent an action; but the material part of the charge of the court and the one that we really pass upon is this :

" It is your duty to look carefully into the evidence in the case in determining whether or not the city of Toledo is guilty of any neglect of that ordinary care which the law imposes upon it with reference to this particular walk. If it appears from the evidence that this sidewalk was in such condition that a person passing over it, in the exercise of reasonable care and prudence, would not discover the defect, but would regard it as safe, the city cannot be held guilty of negligence for failing to know that there may have been a latent defect in the walk. A latent defect in a sidewalk is one that does not appear to the eye or would not appear or be known by a person walking over it in the exercise of ordinary care. The law does not presume notice to municipal corporations of a latent defect ; and before a municipal corporation can be held in damages for injuries caused by latent defects in its walks, the jury must find that the municipal corporation has had actual notice of the existence of such latent defects. And it is the duty of the jury to consider the testimony with reference to the character and condition of the walk, the nature of the defect, and the situation of the sidewalk at the point complained of, where it is claimed the injury happened.".

We think in that the court erred. The practical effect was to charge the jury that if, at the moment the lady passed, the walk appeared so safe that she would not be guilty of contributory negligence in passing it, the city would not be guilty of negligence in leaving it in the condition it then was. It was shown that this walk had been out of repair for over two years by those who nailed down the planks from time to time; the nails would not hold and the planks were loose and continually flying up or getting off. In some instances people would come along and go over and throw the loose planks into the middle of the street; and thereupon the neighbors would put the planks back again and try to hold them in place.

We think it clear that it was the duty of the city to make some examination of the sidewalks, and we cannot think or hold that the city authorities may sit silently by, the officers of the city in their offices, and say

that they did not know anything about the condition of the walk. There should be some examinat on, at some time, of these walks, and they should be examined with reference to the whole walk and the condition of the stringers, whether they ,would hold the plank. Certainly there is nothing so dangerous as to have a plank in a sidewalk that is not fastened down and will not be held down by the nails driven in it, and is so loose that a person stepping upon one end may throw the other end up in front of another person; that is a most dangerous condition of affairs, and a person is liable to meet with a most severe accident under just those conditions. Now we think the duty of the city was to make an examination from time to time and look after such latent defects as well as for patent defects, if you want to call that a latent defect which exists in the whole structure of the sidewalk, so that it was of no use in supporting, maintaining or keeping the sidewalk in a condition to be travelled over. The charge had proceeded before that in regard to the walks, following perhaps some of the lines of the decision of the Supreme Court. The Supreme Court have held that in these outlying parts of the city, in regard to snow upon the ice, it was not expected that the city authorities could traverse the whole city immediately after a storm and thus ascertain the condition of the street, but we know of no case which would apply to a case of this kind, and hold that they were excused from an examination of the sidewalk for two years leaving the streets out of repair all that time.

For these reasons the judgment of the court of common pleas will be reversed and the cause remanded for another trial.